IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH RAY WALKER, #031977, PLAINTIFF, | § § § § | |
| v. | § | CIVIL CASE NO. 3:24-CV-1311-N-BK |
| LOWELL THOMPSON ET AL., DEFENDANTS. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. The Court granted *pro se* Plaintiff Kenneth Ray Walker's motion to proceed *in forma pauperis* but did not issue process. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On May 29, 2024, Walker, a state detainee, filed a *Prisoner's Civil Rights Complaint* under 42 U.S.C. § 1983 against Navarro County District Attorneys ("DAs"), one of whom is deceased, and a Corsicana police detective ("Detective"). Doc. 3 at 1, 3. As best the Court can glean from his complaint, Walker asserts constitutional violations stemming from his acquittal on a rape charge in 2018. *Id.* at 4. Walker alleges that after and because he was acquitted on a rape charge in 2018, two DAs defamed and slandered him by making false statements to enhance

a subsequent evading arrest offense on which he is currently in pre-trial custody.[1]  *See id.*  He also alleges that Detective made defamatory statements and false allegations while under oath.  *See id.* at 3.  He requests payment "for defamation of character, slander, and falsely accused allegation that I'm still living with for a life-time."  *Id.* at 4.

As detailed below, the Court concludes that Walker fails to state a legally cognizable claim.

**II. ANALYSIS**

Because Walker is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must

---

[1] Walker also is in custody on a charge of aggravated robbery. *See* Navarro County Justice Center – Inmate Details, *available at* http://jailroster.ncsotx.org/inmate-details (last visited Aug. 28, 2024).

be construed so as to do justice."). Even under the most liberal construction, however, Walker's complaint is frivolous and fails to state a claim.

Here, Walker complains that one of the DAs "slander[ed] my name by making false allegation to injure reputation of person," another DA "made false allegation about making defamation statements," and Detective made defamatory statements under oath. Doc. 3 at 3. His allegations stem from an enhancement sought on an evading arrest charge currently pending against Walker in Navarro County. *See id.* at 4. His assertions of defamation of character and slander are conclusory and do not allege a federal constitutional violation. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (holding that an interest in reputation alone does not implicate "liberty" or "property" interest under Due Process Clause to give rise to liability under § 1983). Moreover, Walker fails to allege the essential elements of a defamation or slander claim because he has not supported his conclusory contentions with sufficient facts to state a plausible claim. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (to plead defamation under Texas law, the plaintiff must allege that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . negligence, if the plaintiff was a private individual, regarding the truth of the statement."); *Austin v. Inet Techs., Inc.,* 118 S.W.3d 491, 496 (Tex. App.—Dallas 2003) ("Slander is a false oral statement that is published to a third person without a legal excuse, which refers to an ascertainable person."). Thus, to the extent Walker intends to plead defamation and slander claims, they are frivolous and do not state a legally cognizable claim. As such, they should be dismissed.

Further, to the extent Walker's complaint can be liberally construed to seek monetary relief for his charge of evading arrest based on alleged defamation and slander by the DAs and Detective, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge

to that charge under 42 U.S.C. § 1983. "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside. *Heck*, 512 U.S. at 487.

A ruling in Walker's favor here on the claims alleged would necessarily implicate the validity of his pending evading arrest charge, which he complains was improperly enhanced and "should have been a state jail offense." Doc. 3 at 4; *see also Heck*, 512 U.S. at 487. And because he has not alleged that he has been convicted on his evading arrest charge, much less that it has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983. The complaint thus lacks any basis in law on this additional ground and, alternatively, should be dismissed with prejudice as frivolous until Walker satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* As discussed, the legal theories and facts Walker posits do not, as a matter of law, state a plausible or cognizable legal claim under 42 U.S.C. § 1983. Based on the most deferential review of his complaint, it is doubtful that, given the opportunity, he could allege cogent and viable legal

claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim, and until Walker satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on September 17, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).